UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRENDAN HARRINGTON**,<br><br>      Plaintiff,<br><br>      v.<br><br>**DC WINERY, LLC** *d/b/a* **FIRST BATCH HOSPITALITY**, *et al.*,<br><br>      Defendants. | Civil Action No. 22-689 (TSC) |

## MEMORANDUM OPINION

Plaintiff Brendan Harrington sued DC Winery, LLC, along with two of its founders and owners, Brian Leventhal and John Stires, for violations of the Fair Labor Standards Act ("FLSA") and the District of Columbia Minimum Wage Act ("DCMWA"). Before the court are Defendants' Motion to Dismiss Amended Complaint, ECF No. 42, and Plaintiff's Renewed Motion for Conditional Certification and Notice, ECF No. 41 ("Mot. for Certification"). For the reasons set forth below, the court will DENY Defendants' Motion, and will GRANT in part and DENY in part Plaintiff's Motion.

### I.    BACKGROUND

The court summarized Plaintiff's allegations and the relevant legal framework under FLSA and DCMWA in its prior Memorandum Opinion in this case. *Harrington v. DC Winery, LLC*, No. 22-689 (TSC), 2023 WL 5561604, at *1–2 (D.D.C. Aug. 29, 2023) (ECF No. 38). Because Plaintiff's Amended Complaint does not meaningfully change that summary, the court will not rehash it in detail here. In short, Plaintiff alleges that while he was employed as a server and bartender, Defendants violated FLSA and DCMWA by: (1) failing to provide notice of the

statutes' tip credits and the operation of the tip pool; (2) requiring contributions to a tip pool with ineligible participants; (3) deducting more tips than necessary to cover credit card processing fees; and (4) requiring performance of non-tipped duties beyond what the statutes permit. *See id.*; Pl.'s Am. Collective Action Compl. ¶¶ 6–7, ECF No. 40 ("Am. Compl.").

"Plaintiff brings this action as a collective action under the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs on behalf of himself and all others similarly situated." Am. Compl. ¶ 9. He asks the court to conditionally certify the collective action class as:

> All individuals who worked as bartenders or servers for Defendants in the District of Columbia at any time during the three (3) year period preceding the filing of this lawsuit, and who were paid a direct cash subminimum hourly wage.

Mot. for Certification at 5. Plaintiff proposes contacting potential collective members using several court-authorized notices to be sent by mail, e-mail, and text message. *Id.* at 14–15; *see id.* Exs. 5–7 at App. 015–20. And he asks for an order requiring Defendants to provide "an Excel file (.xls) containing the names, addresses, e-mail addresses, phone numbers, dates of employment, and position(s) held of all putative collective members." *Id.* at 2.

Defendants raise two objections at this stage. First, they move for partial dismissal of the Amended Complaint, arguing that it does not plausibly allege that Defendants made illegal credit card fee deductions from the tip pool. *See* Defs.' Mem. in Supp. of Their Mot. to Dismiss Pl.'s Am. Compl. at 5–7, ECF No. 42-1 ("MTD"). Second, they contend that Plaintiff's proposed conditional certification of a FLSA collective action is premature, overbroad, and otherwise inappropriate for several reasons. *See* Defs.' Mem. in Opp'n to Pl.'s Second Mot. for Conditional Certification and Notice, ECF No. 43 ("Defs.' Opp'n to Certification").

## II.     LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The court does not assess the truth of what is asserted nor "whether a plaintiff has any evidence to back up what is in the complaint." *Id*. (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). The court therefore construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). This presumption does not apply, however, to a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quotation omitted). Accordingly, a complaint must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff asserting violations of FLSA and DCMWRA's minimum-wage provisions may seek to bring a "collective action" on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b); D.C. Code § 32-1308(a)(1)(C). Such collective actions are "not subject to the numerosity, commonality, and typicality rules of a class action under Federal Rule of Civil Procedure 23." *Thompson v. Linda & A., Inc.*, 779 F. Supp. 2d 139, 143 (D.D.C. 2011) (quotation omitted). "Instead, a collective action has only two threshold requirements: The plaintiff must show that she is similarly situated to the other members of the proposed class, and those other members must 'opt in' to the proposed class." *Id.* (quotation omitted). "This

showing 'has been described as not particularly stringent, fairly lenient, flexible, and not heavy,'" and may "be satisfied based on pleadings and affidavits." *Rivera v. Power Design, Inc.*, 172 F. Supp. 3d 321, 325 (D.D.C. 2016) (first quoting *Dinkel v. MedStar Health, Inc.*, 880 F. Supp. 2d 49, 53 (D.D.C .2012); then quoting *Blount v. U.S. Sec. Assocs.*, 945 F. Supp. 2d 88, 93 (D.D.C. 2013)).

"To determine whether a class should be certified under the FLSA, a court will usually proceed in two steps." *Thompson*, 779 F. Supp. 2d at 143. First, the plaintiff "must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (quotation omitted). If they do, "the class is 'conditionally certified' and the members of the class are given notice of the collective action and an opportunity to 'opt in' to the litigation." *Id.* (quotation omitted). Then, after discovery concludes, the defendant(s) "may move to decertify the class in light of the record that was developed during the discovery period," and the court determines whether the proposed class members are in fact similarly situated. *Id.* (quotation omitted).

### III.   DISCUSSION

**A. Motion to Dismiss**

Defendants move to "dismiss the Amended Complaint with prejudice insofar as it alleges Defendants illegally withheld credit card tips." MTD at 2. Plaintiff originally alleged only that the credit card tip deduction was "in violation of the amount permitted to be deducted under the FLSA," Compl. ¶ 55, ECF No. 1, which the court considered a "legal conclusion couched as a factual allegation," *Harrington*, 2023 WL 5561604, at *5 (quotation omitted). Accordingly, the court dismissed that part of the Complaint, but granted Plaintiff leave to amend it "to provide greater specificity (even if estimated) about the amount of tips withheld to cover credit card fees, or at the very least to allege a basis for his contention that they were excessive." *Id.* Plaintiff

now alleges that "upon information and belief, Defendants unlawfully retained a portion of . . . tips in excess of the actual credit card processing fees Defendants paid and incurred in their transactions and with credit card processer." Am. Compl. ¶ 76.

The amended allegations, while relatively generic, are enough to survive a motion to dismiss. To be sure, they still do not "show *what* percentage of tips Defendants allegedly withheld to offset credit card fees," such as by detailing "the value of gross tips earned, amount or percentage of tips Defendants allegedly withheld, or amounts of credit card fees allegedly incurred." MTD at 6. But as Plaintiff notes, "the employer is obviously in the best position to know the terms of its own credit card agreements," so it makes little sense at the pleadings stage to require him to guess at "information . . . exclusively in Defendants' possession." Pl.'s Opp'n to Second Mot. to Dismiss at 12, ECF. No. 45 (first quotation citing *Widjaja v. Kang Yue USA Corp.*, No. 09–CV–2089 (RRM) (CLP), 2011 WL 4460642, at *7 (E.D.N.Y. Sept. 26, 2011)). More importantly, however, Plaintiff has replaced a legal conclusion about the tip deduction's legality with a factual assertion about the deduction's quantity exceeding the processing fees. That provides at least some "basis for his contention that [the deductions] were excessive" under the law. *Harrington*, 2023 WL 5561604, at *5. The court will therefore deny Defendants' Motion to Dismiss these allegations.

**B. Motion for conditional certification**

Plaintiff has met the requirements for conditionally certifying a collective action by demonstrating that he is similarly situated to the members of the proposed class. *Thompson*, 779 F. Supp. 2d at 143. That class would include "[a]ll individuals who worked as bartenders or servers for Defendants in the District of Columbia at any time during the three (3) year period preceding the filing of this lawsuit, and who were paid a direct cash subminimum hourly wage." Mot. for Certification at 5. Plaintiff brought this suit in March 2022, and worked for Defendants

during that preceding three-year period—from "approximately February 2020 until December 2021." Am. Compl. ¶ 28. He alleges that Defendants also employed "other individuals as bartenders and servers" during that three-year period "and paid them all a subminimum wage per hour." *Id.* ¶ 29. He also proffers declarations to that effect from himself and two other employees. *See* Pl.'s App'x in Supp. of Mot. for Conditional Certification and Notice, Exs. 1–3 at App. 001–09, ECF No. 41-1. These submissions readily constitute the "modest factual showing sufficient to demonstrate" that Plaintiff and the other proposed class members "were victims of a common policy or plan that violated the law." *Thompson*, 779 F. Supp. 2d at at 143(quotation omitted).

      Defendants' arguments against certification are unpersuasive. Their contention that it should wait until the court resolves their Motion to Dismiss is now moot; as explained in the previous section, the court is denying that motion. *See* Defs.' Opp'n to Certification at 4–6. And there is "no authority" for their claim that "the named plaintiff in a collective action must have been employed throughout the entire putative class period." *Stephens v. Farmers Rest. Grp.*, 291 F. Supp. 3d 95, 120 (D.D.C. 2018); *see* Defs.' Opp'n to Certification at 6–9. The allegations that Defendants maintained unlawful policies during the employment of Plaintiff and the other two declarants means that it is not "pure speculation" that the same policies affected other similarly situated employees around the same time. *Stephens*, 291 F. Supp. 3d at 116 (quotation omitted). That is enough to satisfy Plaintiff's relatively lenient burden for conditional certification. The three-year period preceding the filing of this case appropriately bounds the proposed class.

      Defendants' arguments regarding the statute of limitations do not bar certification—at least at this stage. For starters, they assert that the statute of limitations should be two years rather than three because Plaintiff has not demonstrated that the allegedly unlawful practices

were willful.  Defs.' Opp'n to Certification at 9 (citing 29 U.S.C. § 255).  But the Amended Complaint alleges that willfulness, *see* Am. Compl. ¶ 61, and "when willfulness is disputed, courts typically apply the three-year limitations period in defining the scope of a collective action."  *Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 209 (D.D.C. 2018) (quotation omitted).  At the summary judgment stage, Defendants may revisit this issue and seek to prove that any violations of FLSA or DCMWA were not willful.  Similarly, the issue of whether the statute of limitations should be equitably tolled for any opt-in plaintiffs is best resolved later.  Even assuming that "the statute of limitations continues to run until [opt-in plaintiffs] affirmatively join the action," *Stephens*, 291 F. Supp. 3d at 120, that potentially three-year period has not yet elapsed for opt-in plaintiffs from the months leading up to this case being filed in March 2022.  And in any event, the court is not well positioned to decide whether equitable tolling is warranted for any additional plaintiffs until they materialize and show cause for it.  Accordingly, the court will defer consideration of the need for equitable tolling until after the opt-in period and discovery are complete.

      Defendants' objections to the proposed notice period and method do not prevail either.  First, they seek a "60-day or shorter opt-in period rather than the requested 90 days."  Defs.' Opp'n to Certification at 12.  The cases cited by the parties suggest that opt-in periods between 60 and 90 days are both regularly granted.  *See id.* at 11–12; Pl.'s Reply in Supp. of Renewed Mot. for Conditional Certification and Notice at 13–14, ECF No. 44 ("Pl.'s Reply for Certification").  Because Defendants have not articulated any prejudice that would result from the additional 30 days, the court will grant the full 90 days requested.  Second, Defendants protest the request for employees' phone numbers and the proposal to notify potential collective members via text message.  Defs.' Opp'n to Certification at 12–13.  Text message notifications

are especially appropriate for employees with high rates of turnover and address changes, as in the restaurant industry, and any privacy intrusion can be minimized by limiting the number of messages sent. *See* Pl.'s Reply for Certification at 11–13 (collecting cases). Plaintiff's proposal of one initial notice and one reminder notice by text message is reasonable.

Finally, the court will grant Defendants' request for an opportunity to meet and confer with Plaintiffs regarding the proposed notices. Defendants point out that the notices "contain several allegations that Plaintiff never made in his Complaint, nor in any pleadings to date: specifically, the allegations that Defendants required employees to '(2) pay for mandatory uniforms [and] (3) pay for business-related items or expenses (check presenters, pens, or wine keys).'" Defs.' Opp'n to Certification at 13 (citing Pl.'s Mot. for Certification, Exs. 5, 6 at App. 015–19). Plaintiff did not respond to that point. Accordingly, the court will order the parties to meet, confer, and report back with respect to those terms in the notices. Defendants may raise other concerns with the notices during that conferral, and Plaintiff must consider them in good faith. But if the parties cannot come to agreement on certain points, the court will look with disfavor on further substantive objections from Defendants that could have been raised in this round of briefing.

## IV.   CONCLUSION

For these reasons, the court will DENY Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 42, and will GRANT in part and DENY in part Plaintiff's Renewed Motion for Conditional Certification and Notice, ECF No. 41. Specifically, the court will (1) conditionally certify the collective action class proposed by Plaintiff, (2) approve Plaintiff's proposed timing and method of notice, (3) order Defendants to produce contact information for putative collective action class members within 14 days, and (4) order the parties to meet and confer regarding the language and formatting of the notices to be sent to potential

collective action class members, then file a motion proposing the renewed notices and any objections within 21 days. A corresponding order will accompany this Memorandum Opinion.

Date: September 26, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge